# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Adrianne L. Laramore, individually and on behalf of her minor child, A.Y.C., | Case No. 24-cv-0857 (PJS/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Old National Bank; Kristi (last name unknown) Regional Manager; George Bittar, Branch Manager; Patti (last name unknown) Legal Department; and Katie Eastman, Accounts Representatives, in their individual and official capacity, | |
| Defendants. | |

---

This matter comes before the Court on Plaintiff's Motion for Disqualification or Recusal of a Magistrate Judge and Section 144 Bias and Prejudice of a Judge and Conflict of Interest Pursuant to 28 U.S.C. § 455(a)(b)(l).  (Dkt. 20.)  For the reasons set forth below, the Motion is denied.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Present Action

This case was initiated by Plaintiff Adrianne L. Laramore, individually and on behalf of Minor Child, A.Y.C., on March 8, 2024, by filing the operative Complaint in the United States District Court for the Eastern District of Kentucky, *Laramore v. Old National Bank, et al.*, Civil Action No. 5: 23-217-DCR.  (Dkt. 1.)  The action relates to alleged discrimination and other harassment suffered by Plaintiff when she attempted to

engage in banking services on behalf of her minor child.  (Dkt. 1.)  On March 11, 2024,

Chief United States District Judge Danny C. Reeves, of the Eastern District of Kentucky,

transferred the case to the District of Minnesota.  (Dkts. 6-7.)  The present case has been

assigned to Chief United States District Judge Patrick J. Schiltz and referred to the

undersigned.

On March 26, 2024, this Court granted Plaintiff's application to proceed in forma

pauperis in this case.  (Dkt. 8.)  Plaintiff is proceeding pro se in this matter.

Service has been waived by Defendants and their responses or answers are

presently due on June 4, 2024.  (Dkts. 12-16.)

Plaintiff filed the present Motion and accompanying Affidavit on May 16, 2024.

(Dkts. 20-21.)

## B.     Relevant Previous Action Involving Plaintiff and this Court

On September 27, 2022, Plaintiff filed a fair housing Complaint in this District in

the matter of *Adrianne L. Laramore v. Quality Residence, LLC et al.*, 22-cv-02370

(NEB/ECW) ("Quality Residence Litigation").  The case was assigned to United States

District Judge Nancy E. Brasel and referred to the undersigned consistent with Local

Rule 72.1(a), which sets forth a general designation of magistrate judge duties in this

District.  *See* D. Minn. LR. 72.1(a).  On November 13, 2023, Defendants filed a Motion

for Judgment on the Pleadings in the Quality Residence Litigation.  (Dkt. 30.)  Judge

Brasel did not refer that Motion to the undersigned, and Judge Brasel granted the Motion

on the papers on February 29, 2024.  (Dkt. 47.)  Judgment issued against Plaintiff in the

Quality Residence Litigation on February 29, 2024.  (Dkt. 48.)

2

Plaintiff appealed Judge Brasel's decision to the Eighth Circuit Court of Appeals, and on May 10, 2024, the Eighth Circuit summarily affirmed Judge Brasel's decision. (Dkt. 60.)

## II.    ANALYSIS

Plaintiff seeks recusal of the undersigned in this matter in the present Motion. (Dkt. 20).  The basis of Plaintiff's Motion for Disqualification under 28 U.S.C. § 455 and 28 U.S.C. § 144 is as follows:

> Honorable U.S. Magistrate Judge Elizabeth Cowan Wright failed to provide Plaintiff, Adrianne L. Laramore, with a Report and Recommendation (R&R) Pursuant to F.R.C.P. 72, before Honorable U.S. Judge Brasel rendered her judgment on case file #22-cv-02370.  Plaintiff is explaining the **biasness** [sic] and **prejudicial** process put upon her Federal Case involving Magistrate Judge Wright.
>
> * * *
>
> **[W]herefore** [sic]**,** in light of the foregoing proceedings plaintiff herein submits to this court a request for the U.S. Magistrate Judge to Disqualify and Recuse herself from this matter and allow for a Judge with no personal feelings or emotions or attachments through family, friends, and professional association(s) during active cases on Appeal to review and preside over all hearings on this matter.

(Dkt. 20 at 4.)[1]

In relevant part, 28 U.S.C. § 455 requires as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:

---

[1]     Plaintiff's supporting Affidavit provides no factual support for her Motion as required by § 144.  (*See* Dkt. 21.)

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455.  Plaintiff also appears, based on the caption of her Motion, to be seeking relief under 28 U.S.C. § 144.  Section 144 states as follows:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

"[R]equests for recusal under 28 U.S.C. § 455 may be determined, in the first instance, by the judge whose impartiality has been questioned. . . [and] [t]he same approach is permitted even if the Court were to view [Plaintiff's] filings through the lens of 28 U.S.C. § 144."  *Moore v. Hamline Univ.*, No. 23-CV-3723 (KMM/TNL), 2024 WL 279099, at *1 (D. Minn. Jan. 25, 2024) (citing *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (noting that regardless of whether a request is made under 28 U.S.C. § 455 or through an affidavit of prejudice under 28 U.S.C. § 144, "[o]ur court as well as others have routinely affirmed recusal decisions rendered by the judge against whom the motion is directed.")); *see also United States v. Hogeland*, Case No. 10-cr-0061 (PJS/AJB), 2012 WL 4868904, at *8 n.9 (D. Minn. Oct. 15, 2012) ("There is no requirement that a [section] 455 motion to disqualify be heard by a different judge than the one whose

4

disqualification it seeks.  Indeed, such motions are almost always decided by the judge whose recusal is sought.").

The Court should recuse if it is shown that the Court has a personal bias or prejudice arising from an extrajudicial source.  *See Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989) (citing *United States v. Jones,* 801 F.2d 304, 312 (8th Cir. 1986)); *see also Liteky v. United States*, 510 U.S. 540, 551 (1994) (extrajudicial source is not the only basis for establishing disqualifying bias or prejudice but is the most common basis).  Judicial rulings alone, or the lack thereof as Plaintiff relies on here, almost never constitute a valid basis for a bias or partiality motion for disqualification.  *See Liteky*, 510 U.S. at 555.  Further, "[t]he test for recusal is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case."  *United States v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009) (marks and citation omitted).  "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise."  *Johnson v. Steele*, 999 F.3d 584, 587 (8th Cir. 2021) (quoting *United States v. Delorme*, 964 F.3d 678, 681 (8th Cir. 2020)).

Here, there is nothing to suggest that the undersigned "has personal bias or prejudice concerning" any named party to this lawsuit or is privy to "personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455.  As best as this Court can discern, Plaintiff is concerned that because the undersigned was assigned to an unrelated case which was dismissed, this Court is automatically biased.  However,

judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky*, 510 U.S. at 555.  Complicating matters further for Plaintiff's Motion is that it was not the undersigned that dismissed her action in the Quality Residence Litigation.  It was Judge Brasel who issued that Order.  Plaintiff takes issue with the fact that this Court did not issue a Report and Recommendation in that case.  However, pursuant to 28 U.S.C § 636 and Local Rule 72.1, which provide the legal authority for United States Magistrate Judges in this District,[2] the undersigned Magistrate Judge cannot issue a Report and Recommendation on a motion for judgment on the pleadings in a civil case unless the motion was specifically referred to the undersigned by the Article III Judge assigned on the case.  *See* 28 U.S.C § 636(b)(1); D. Minn. LR 72.1(a), (b).  There was no such referral from Judge Brasel to this Court for the motion for judgment on the pleadings in the Quality Residence Litigation.  *See Adams v. City of St. Paul*, No. 22-CV-1902 (ECT/LIB), 2023 WL 3195255, at *1 (D. Minn. May 2, 2023) ("Whether a litigant consents or not, the law gives magistrate judges the power to decide non-dispositive pretrial matters and to recommend disposition of dispositive matters in cases where a district judge designates the magistrate judge to do so.").

Moreover, a pending appeal in the Quality Residence Litigation has no bearing on this Court's impartiality.  While it has no relevance to the present Motion, the Court notes that the Eighth Circuit recently summarily dismissed Plaintiff's appeal in the Quality

---

[2]      Rule 72 of the Federal Rules of Civil Procedure (as well as Local Rule 72.2), relied upon by Plaintiff, merely provides recourse to a party who wishes to appeal or object to an order or report and recommendation.

Residence Litigation.  (*See Quality Residence Litigation*, Case No. 22-cv-02370 (NEB/ECW), Dkt. 60 (May 13, 2024).)

In sum, Plaintiff has not made the requisite showing of bias, prejudice, or any personal knowledge by the undersigned of the underlying facts of the present case dealing with a bank.  There is simply no evidence that the undersigned will not be impartial in the present action.  For all of these reasons, the Motion is denied.

### III.   ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT **IS ORDERED THAT**: Plaintiff's Motion for Disqualification or Recusal of a Magistrate Judge and Section 144 Bias and Prejudice of a Judge and Conflict of Interest Pursuant to 28 U.S.C. § 455(a)(b)(l) (Dkt. 20) is **DENIED**.

Dated: June 3, 2024                    *s/Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge