UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ADRIANNE L. LARAMORE, individually and on behalf of her minor child, A.Y.C., | Case No. 24-CV-0857 (PJS/ECW) |
| Plaintiff, | |
| v. | |
| OLD NATIONAL BANK; REGIONAL MANAGER KRISTI UNKNOWN, in their individual and official capacity; BRANCH MANAGER GEORGE BITTAR, in their individual and official capacity; LEGAL DEPARTMENT PATTI UNKNOWN, in their individual and official capacity; and ACCOUNTS REP KATIE EASTMAN, in their individual and official capacity, | ORDER |
| Defendants. | |

---

Adrianne Laramore, pro se.

Beau Greiman, GREIMAN, ROME & GRIESMEYER, LLC, and Steven J. Weintraut, SIEGEL BRILL, PA, for defendants.

Plaintiff Adrianne Laramore filed this pro se lawsuit relating to her attempts to gain access to her child's trust account at Old National Bank. This matter is before the Court on Laramore's objection to the October 1, 2024, Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Cowan Wright. Judge Wright recommends dismissing Laramore's complaint. The Court has conducted a de novo review. *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R in part.

A couple of points merit comment. To begin with, defendant Patti Malone (referred to as "Patti Unknown" in the caption) has moved to dismiss the claims against her for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). The R&R recommends denying that motion as moot in light of its recommendation that the Court grant defendants' motion to dismiss the entire lawsuit for failure to state a claim under Fed. R. Civ. P. 12(b)(6). But a court must resolve any issue of personal jurisdiction *before* addressing the merits of a defendant's Rule 12(b)(6) motion. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." (cleaned up)); *Kangas v. Kieffer*, 495 F. App'x 749, 750 (8th Cir. 2012) (per curiam) ("A court may not resolve a case on its merits unless the court has jurisdiction over both the claims and the parties in the suit." (citation omitted)).

When a defendant "denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction" by affidavits and exhibits. *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010). "Due process requires that there be minimum contacts between the nonresident defendant and the forum state such that

the assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice." *Id.* (citations omitted).

Here, Laramore has presented no evidence that Malone had *any* contacts with Minnesota. Malone meanwhile has produced evidence that she is a lifelong resident of Illinois who has never worked in Minnesota. Malone Aff. ¶¶ 2–9, ECF No. 34-1 Ex. A. The only point of contact between Malone and Laramore was apparently a phone call Laramore made to Old National's offices in Illinois. Malone Aff. ¶¶ 11–14. There is no evidence in the record that Laramore made that phone call from Minnesota, but even if she did, Malone could not have "reasonably anticipate[d] being haled into court" in Minnesota because she answered the phone while at her job in Illinois. *Wells Dairy*, 607 F.3d at 518. The Court therefore concludes that the claims against Malone must be dismissed for lack of personal jurisdiction.

Finally, both the defendants' Rule 12(b)(6) motion and the R&R address only Laramore's claim under 42 U.S.C. § 1981.[1] Neither addresses the claims that Laramore asserts under state law, such as defamation and malicious prosecution. Given that the Court is granting defendants' Rule 12(b)(6) motion and dismissing the § 1981 claim, and given that Laramore has not pleaded sufficient facts to establish diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over Laramore's state-law

---

[1] Laramore does not explicitly assert a claim under § 1981, but the parties seem to agree that it is the only plausible federal vehicle for her claim of racial discrimination.

claims. 28 U.S.C. § 1367(c)(3); *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (stating that courts should ordinarily decline supplemental jurisdiction when all original-jurisdiction claims have been eliminated before trial). The state-law claims are therefore dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection to the R&R [ECF No. 48] is OVERRULED.

2. The Report and Recommendation [ECF No. 47] is ADOPTED insofar as it is not inconsistent with this order.

3. Defendant Patti Malone's motion to dismiss [ECF No. 31] is GRANTED and the claims against her are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

4. Defendants' motion to dismiss [ECF No. 25] is GRANTED and plaintiff's 42 U.S.C. § 1981 claim is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

5. The remainder of the complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 8, 2024

_____
Patrick J. Schiltz, Chief Judge
United States District Court